J-S18038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM CHARLES WUNNER | : | |
| | : | |
| Appellant | : | No. 1527 MDA 2019 |

Appeal from the PCRA Order Entered August 21, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003445-2014

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED OCTOBER 08, 2020**

The PCRA court has complied with our Order directing a Pa.R.A.P. 1925(a) opinion and addressed Appellant's *pro se* claim that he is entitled to a new trial pursuant to ***Commonwealth v. Maconeghy***, 171 A.3d 707, 712 (Pa. 2017) (holding that "an expert witness may not express an opinion that a particular complainant was a victim of sexual assault based upon witness accounts couched as a history, at least in the absence of physical evidence of abuse.").

Our previous memorandum decision in the case *sub judice* disposed of all three claims raised in PCRA counsel's ***Turner***/***Finley***[1] brief as well as two

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

of three claims raised in Appellant's *pro se* brief filed in response to counsel's motion to withdraw.

Specifically, Appellant raised the ***Maconeghy*** claim in his timely *pro se* response to PCRA counsel's petition to withdraw pursuant to ***Turner*** and ***Finley***.[2] As we now have the benefit of an opinion from the PCRA court, which possesses a unique perspective gained from presiding over both Appellant's criminal trial and PCRA hearing, we review Appellant's remaining ineffective assistance of trial counsel claim.[3]

A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and

---

[2] In our previous memorandum decision in the above captioned matter, we determined that appointed PCRA counsel has satisfied the technical requirements of ***Turner***/***Finley***. ***See Commonwealth v. Wunner***, No. 1527 MDA 2019 (Pa.Super. Memorandum filed May 12, 2020). In conducting an independent review of the record as we are required to do under ***Turner/Finley*** jurisprudence, however, we deemed it premature to address whether the present appeal was otherwise meritless where Appellant's *pro se* ***Maconeghy*** claim was not reviewed first by the PCRA court.

[3] While we find the PCRA court to have provided this Court with a perceptive analysis of Appellant's *pro se* legal question under our review, we ultimately base our decision on different grounds.

prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the '**Pierce** test,'[4] or the claim fails." **Id**. In other words, "[t]he burden of proving ineffectiveness rests with Appellant." **Commonwealth v. Chmiel**, 889 A.2d 501, 540 (Pa. 2005).

Appellant asserts that trial counsel rendered ineffective assistance of counsel by failing to object appropriately when the prosecutor asked its medical expert whether, based on his experience and in light of the victim's allegations, he had a medical opinion about whether the absence of physical evidence of the victim's sexual abuse could still be consistent with her having been sexually abused. He submits that asking for such an opinion ran afoul of the proscription announced in **Maconeghy**.

The trial transcript sets forth the following relevant exchange:

**PROSECUTOR:** Dr. Lawrence, do you have an opinion based upon your education, your training and experience as well as your entire examination that you conducted with (victim), including the history that she gave you that's within a reasonable degree of medical certainty as to whether or not her findings upon examination could still be consistent with slight penetration beyond the exterior labial lips?

**DEFENSE COUNSEL:** Objection to the form. Would you clean that up?

---

4 **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987).

**PROSECUTOR:** I'm not sure how much clearer—

**DEFENSE COUNSEL:** Can't the doctor read his addendum into the record?

**THE COURT:** Overruled. It's a fair question.

**DEFENSE COUNSEL:** *I believe it's a conclusion.*

N.T. Trial, 1/20/16, at 135-36 (emphasis added).

The record shows defense counsel objected to the Commonwealth's question as one suggesting a conclusion. Specifically, the prosecutor asked the medical expert if he could opine whether or not the victim's negative physical examination was consistent with her having been penetrated when viewed only in light of his professional experience and his having received the victim's statement that she was penetrated.

Under the circumstances, the objection to the "conclusion" invited by such a question necessarily sought to preclude the very type of testimony prohibited in ***Maconeghy***, that is, an expert opinion that usurps the jury's role as sole arbiter of a victim's credibility in the absence of physical evidence of abuse. Indeed, the testifying doctor himself understood the question in this way, as he offered such a conclusion, answering, "Yes, I believe I could say with a good degree of certainty that that's what happened. It was consistent, yes." N.T. at 136.

The notes of testimony thus show trial counsel's objection reflected a ***Maconeghy*** concern that the Commonwealth's question as framed asked the medical expert to offer a pivotal conclusion on penetration, unsupported by

physical evidence, based only on his background in science and his assessment of the victim's allegation. Further evidence of counsel's concern in this regard is found in counsel's request that the expert read into the record his own independent medical opinion tendered prior to trial instead of providing testimony that simply tracked the prosecutor's language that penetration in this case could have occurred despite the lack of physical evidence of abuse. When viewed in conjunction, therefore, defense counsel's objection and follow-up request of the court were directed against the very concerns raised in *Maconeghy*.

Based on the foregoing, we find that Appellant cannot prevail on his ineffective assistance of trial counsel claim, as there is no arguable merit to his contention that trial counsel failed to raise an appropriate objection to the prosecutor's questioning of the medical expert witness. The only conclusion responsive to the prosecutor's narrowly tailored question would have been an expert opinion as to whether penetration could have occurred in the victim's case, without physical evidence of such abuse, where the victim said it occurred. Trial counsel objected to this conclusion and requested that the court simply allow the expert to recite his previously prepared opinion to the jury. Contrary to Appellant's contention, counsel's objection and subsequent advocacy, therefore, were grounded in the Supreme Court's *Maconeghy* decision.

As our independent review of the record reveals no other meritorious claim, we conclude Appellant's PCRA petition is without merit. Accordingly,

we grant counsel's motion to withdraw and affirm the order of the PCRA court dismissing Appellant's petition.

Order affirmed.  Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/8/2020